**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Christina J. Mudayh and Jawhara Hilal,<br><br>    Plaintiffs<br><br>v.<br><br>Cenlar FSB dba Central Loan Administrating & Reporting, et al.,<br><br>    Defendants | Case No.: 2:21-cv-01970-JAD-EJY<br><br>**Order Denying Application for Emergency Temporary Restraining Order, Preliminary Injunction, and Declaratory Relief**<br><br>[ECF Nos. 2, 3] |

Plaintiffs Christina J. Mudayh and Jawhara Hilal filed an Application for Emergency Temporary Restraining Order, Preliminary Injunction, and Declaratory Relief after hours last night to stop the foreclosure sale of the property at 10486 Scarpa Street in Las Vegas, Nevada, scheduled for 9 a.m. this morning.[1]  As the basis for such relief, they allege, without any attempt at proof, that the nearly $300,000 loan on that home, secured by a deed of trust, is "an illegal loan" because, among other reasons, the lender sold them "a loan product that it knew or should have known would never be able to be fully paid back by Plaintiff."[2]

The legal standard for issuing a temporary restraining order and the legal standard for preliminary injunctive relief are "substantially identical."[3]  Both are "extraordinary" remedies and "never awarded as of right."[4]  The Supreme Court clarified in *Winter v. Natural Resources Defense Council, Inc.* that to obtain an injunction, the plaintiff "must establish that [it] is likely to

---

[1] The Notice of Trustee's Sale is dated September 23, 2021.  ECF No. 2 at 9.

[2] ECF No. 2 at 4–5.

[3] *See Stuhlbarg Intern. Sales Co. v. John D. Bush and Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001) (stating that the "analysis is substantially identical for the injunction and the TRO").

[4] *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008).

succeed on the merits, that [it] is likely to suffer irreparable injury in the absence of preliminary relief, that the balance of equities tips in [its] favor, and that an injunction is in the public interest."[5] The Ninth Circuit also recognizes an additional standard: "if a plaintiff can only show that there are 'serious questions going to the merits'—a lesser showing than likelihood of success on the merits—then a preliminary injunction may still issue if the 'balance of hardships tips *sharply* in the plaintiff's favor,' and the other two *Winter* factors are satisfied."[6]

The plaintiffs satisfy neither standard here because they have not shown that they are likely to succeed on the merits of any claim. They acknowledge that they obtained a substantial mortgage against the property, secured by a deed of trust, and they don't deny that they haven't made the required payments. Thus, the balance of equities tips against them, and they have not demonstrated that stopping this foreclosure is in the public interest. In short, they offer absolutely no proof that they will be able to prove any claim for which injunctive relief is warranted.

Procedural deficiencies also doom their request. It does not appear that the plaintiffs provided notice of their motion to the defendants, but they also have not complied with this court's rules for emergency, ex parte injunctive requests. District courts "may issue a temporary restraining order without written or oral notice to the adverse party or its attorney" only when "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant *before the adverse party can be heard in opposition*" and the moving party "certifies in writing any efforts made to give notice and the

---

[5] *Id.* at 20.

[6] *Shell Offshore, Inc. v. Greenpeace, Inc.*, 709 F.3d 1281, 1291 (9th Cir. 2013) (quoting *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011)).

reasons why it should not be required."[7]  Plaintiffs offer no such affidavit, verification, or certification.  And "[w]ritten requests for judicial assistance in resolving an emergency dispute must be . . . accompanied by a declaration setting forth" a host of information including "[a] statement of movant certifying that, after participation in the meet-and-confer process to resolve the dispute, the movant has been unable to resolve the matter without court action" and "how the other affected . . . entities were notified of the motion or, if not notified, why it was not practicable to do so."[8]  This requirement was also not met.[9]

IT IS THEREFORE ORDERED that Plaintiffs' Application for Emergency Temporary Restraining Order, Preliminary Injunction, and Declaratory Relief **[ECF Nos. 2, 3] is DENIED**.

_____
U.S. District Judge Jennifer A. Dorsey
October 27, 2021

---

[7] Fed. R. Civ. Proc. 65(b)(1) (emphasis added).

[8] Local Rule 7-4(a).

[9] Whether this court has jurisdiction over this action is also uncertain.  The case caption suggests that the plaintiffs intended to file this case in state court, there are no federal claims, and diversity appears lacking because there are Nevada residents on both sides.  An order to show cause why this case should not be dismissed for lack of subject-matter jurisdiction will issue separately.