UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Christina J. Mudayh and Jawhara Hilal, | Case No.: 2:21-cv-01970-JAD-EJY |
| Plaintiffs | |
| v. | **Order Dismissing Action for Lack of Subject-Matter Jurisdiction and Closing Case** |
| Cenlar FSB dba Central Loan Administrating & Reporting, et al., | |
| Defendants | |

Alleging exclusively state-law claims, Plaintiffs Christina J. Mudayh and Jawhara Hilal filed this action in an attempt to stop the foreclosure sale of the property at 10486 Scarpa Street in Las Vegas, Nevada.[1] They allege in the complaint that they are residents of Clark County, Nevada, and that at least one of the defendants "is a lawyer doing business in" Clark County, Nevada,[2] suggesting that the plaintiffs and at least one defendant are citizens of the State of Nevada. So I ordered the plaintiffs to show cause why this case should not be dismissed for lack of jurisdiction.[3] In that order, I explained the ways to demonstrate that federal jurisdiction exists.[4]

Plaintiffs responded with a "Universal Affidavit of Fact/Rebuttal/Jursdiction [sic]."[5] Unfortunately, they have failed to provide a legal basis for this court to exercise jurisdiction over this case. It appears that their main argument is that they are sovereign citizens, but their

---

[1] ECF No. 1-1 at ¶¶ 2, 6.
[2] ECF No. 1-1.
[3] ECF No. 6.
[4] *Id.*
[5] ECF No. 8.

submission is largely incoherent.  In any event, it wholly fails to establish that this court has jurisdiction over their action.

"Federal courts are courts of limited jurisdiction,"[6] the plaintiff bears the burden of establishing that subject-matter jurisdiction exists,[7] and the court must dismiss any action over which it lacks subject-matter jurisdiction.[8]  Because the basis for subject-matter jurisdiction does not appear on the face of the complaint, and plaintiffs have failed to show cause why this case should not be dismissed for lack of subject-matter jurisdiction,

IT IS HEREBY ORDERED that **this case is DISMISSED** for lack of subject-matter jurisdiction.  **The Clerk of Court is directed to ENTER JUDGMENT accordingly and CLOSE THIS CASE.**

_____
U.S. District Judge Jennifer A. Dorsey
December 2, 2021

---

[6] *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994).
[7] *See id*.
[8] Fed. R. Civ. P. 12(h)(3).